IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH NORTHERN DIVISION

| | |
|---|---|
| C. Michael Martin,<br><br>                Plaintiff,<br>v.<br><br>State of Utah, et al.,<br><br>                Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:20-cv-006-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin Pead |

This matter is referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B). (ECF No. 4.) The court previously granted Plaintiff, C. Michale Martin, leave to proceed *in forma paupers* without payment of fees under 28 U.S.C. § 1915. (ECF No. 2.) For the reasons set forth herein, the undersigned recommends that this matter be dismissed.

## BACKGROUND

Plaintiff's original Complaint alleges that Defendants violated his civil rights, specifically the "right to work and live", and violated the fair labor standards act, failed to pay a minimum wage, "sought compensation and paid for the same type of work that [Plaintiff] was being asked to do at $0.00 per hour", and was not paid overtime. (ECF No. 3, p. 3-4.) Mr. Martin sought leave to amend his Complaint and the court granted that request. (ECF No. 6.) Plaintiff's Amended Complaint referenced a Utah District Court Case, Case #190905185, and appeared to be a complaint filed in Utah State Court. It notes a designation as a "Tier 1 litigation with a damage range of $50,000 or less." (ECF No. 7-1 p. 1.) Paragraph four of the Amended Complaint states, "Plaintiff has not disputed and does not dispute Defendant's contention that his final paycheck should be in the gross amount of $638.00 See Exhibit C." *Id*. p. 2. Exhibit C is missing. Plaintiff sought relief in the "amount of $638.00" and "a reasonable attorney's fee pursuant to Utah Code

1

34-27-1." *Id*. p. 3.

The court reviewed the Amended Complaint, and under the broad standards given to a *pro se* plaintiff, ordered Mr. Martin to file a second Amended Complaint clarifying the relief he seeks. In that order, the court noted it was unclear from either of Plaintiff's Complaint exactly what type of Fair Labor Standards Act Claim Plaintiff is intending to bring. (ECF No. 8 p. 2-3.) The court further noted that its jurisdiction is limited, and one such limitation involves the doctrine of abstention, where "federal courts should not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings— when a state forum provides an adequate avenue for relief." *Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of State of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (quotations and citation omitted).

Plaintiff subsequently filed a sealed document entitled "Proposed Second Amended Complaint." (ECF No. 20.) In that filing, Plaintiff seeks "support in keeping my pleadings and other papers confidential." (ECF No. 20 p. 1.) The reasons behind Plaintiff's request to keep the pleadings sealed is not entirely clear. Plaintiff states that the "reasons are many and … supported in law." *Id.* Plaintiff then provides it is his goal to "maintain safety of the records, persons and evidence for trial by sealing files, names etc. so the rights of all involved are protected." *Id.*

Turning to Plaintiff's Second Amended Complaint, Plaintiff names new Defendants. These include the Commander-in-Chief, Mr. President, the Governor of the State of Utah, and unknown individuals titled "Private-Respondent Superior" and "Public-Respondent Superior". *Id.* p. 2-3. Under the statement of claim section, Plaintiff provides "Multiplicity of claims, Count I – Count …" without further explanation. Plaintiff seeks "remedies found at law, or upon premise(s) propounded at hearings or trial." Mr. Martin then includes a partial copy of a Motion for Referral to Alternate Dispute Resolution and a copy of the docket as part of his Second Amended

2

Complaint.

## DISCUSSION

When the court authorizes a party to proceed without prepayment of fees under 28 U.S.C. §1915, under the *in forma pauperis statue* ("IFP statute"), the court must "dismiss the case at any time if . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(i)(ii). In determining whether a complaint fails to state a claim, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Under Fed. R. Civ. P. 12(b)(6), a court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court examines the "allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' 'factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) (quotations and citation omitted). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, to properly state a claim, Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (the complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause of action, and the demand for relief.").

To comply, a plaintiff must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her and, what specific legal right

3

the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Such information is necessary to provide the opposing party with fair notice of the claims raised and to allow the court to determine if the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (*citing Perrington Wholesale Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)); *see also Nasious*, 492 F.3d at 1163 (10th Cir. 2007) (a plain statement under rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.").

As a pro se litigant, the court construes Mr. Martin's pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet even under this liberal standard a plaintiff is not relieved from compliance with the pleading requirements or from stating a claim for which relief may be granted. *Id*. at 1009; *see also* 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 8; Fed. R. Civ. P. 12(b)(6). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant," *Hall* 935 at 1110, and the court cannot "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

Here, even under a liberal pleading standard, Plaintiff's Second Amended complaint fails to meet the requisite pleading requirements to state a proper claim for relief. There is little in the way of background or narrative in how the Defendant's actions harmed Mr. Martin. In addition, under 28 U.S.C. §1915, a complaint must be dismissed if it is frivolous. Bringing unsubstantiated and unsupported claims against the President of the United States is a frivolous pursuit.

As noted by the Tenth Circuit, an amended complaint supersedes the original complaint and renders the original complaint of no legal effect. See *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir.1990). Consequently, if the second amended complaint is accepted for filing, the court need examine only those claims that were included in Mr. Martin's second amended complaint. Mr. Martin titles his filing as a "Proposed Second Amended Complaint." Thus, there appears to be some leeway in rejecting that filing, and looking to the First Amended Complaint, which at least contains more factual details and allegations. Yet, even if the court adopts this course the result is the same. As noted previously, it is unclear from the First Amended Complaint, what type of claim Plaintiff seeks under the Fair Labor Standards Act. Moreover, it appears the doctrine of abstention would apply to any cognizable claims. Plaintiff failed to answer these concerns in his Second Amended Complaint. As such, the court is left with no option but to recommend dismissing this matter under § 1915 after the filing of three Complaints that fail to meet the requisite standards.

## RECOMMENDATION

Accordingly, under 28 U.S.C. § 1915, the undersigned RECOMMENDS that Plaintiff's Complaint be dismissed as it fails to state a claim on which relief may be granted.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 2 September 2022.

_____
Dustin B. Pead
United States Magistrate Judge