UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| C. MICHAEL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-006-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Now before the court is an Objection[1] to Magistrate Judge Dustin B. Pead's Report and Recommendation,[2] in which Judge Pead recommends that Plaintiff's Second Amended Complaint[3] be dismissed. For the reasons stated below, the Report and Recommendation is ADOPTED in its entirety, and Plaintiff's Second Amended Complaint is DISMISSED.

## BACKGROUND AND PROCEDURAL HISTORY

On January 3, 2020, pro se Plaintiff C. Michael Martin was granted leave to proceed *in forma paupers* and subsequently initiated this action against the State of Utah, Britten Lund, Kim Dimond-Smith, Scott Higley, and other state and local officials.[4] Martin asserted two claims for relief against all Defendants, one claim under 42 U.S.C. § 1983 and the other under the Fair Labor Standards Act.[5]

---

[1] Dkt. 72, *Plaintiff's Objection to the Report and Recommendation* (*Objection*).

[2] Dkt. 22, *Report and Recommendation* (*R&R*).

[3] Dkt. 20 (Proposed Second Amended Complaint).

[4] Dkt. 3 (Complaint).

[5] *Id.* at 1; Dkt. 3-1.

1

After obtaining leave from the court, Martin filed an Amended Complaint.[6] The Amended Complaint included a cover letter asserting federal jurisdiction under the Fair Labor Standards Act and then attached a complaint from Utah state court.[7] In it, Martin disputes the bases for his involuntary employment termination and argues Defendants failed to pay his final paycheck of $638 in violation of state and federal law.[8] Martin sought relief in the amount of $638 and reasonable attorney fees under a Utah statute authorizing attorney fees in suits for wages earned.[9] Upon reviewing the Amended Complaint, Judge Pead filed an Order to Amend Deficient Complaint.[10] The Order outlined the Amended Complaint's deficiencies and warned Martin that a failure to rectify the issues could result in dismissal under 28 U.S.C. § 1915.[11]

On December 6, 2021, Martin filed under seal a "Proposed Second Amended Complaint."[12] The Proposed Second Amended Complaint named new Defendants—"Commander-in-chief, President"; "Governor, State of Utah"; "Private-Respondeat Superior"; "Public-Respondeat Superior"—and vaguely raised a "Multiplicity of claims."[13] Martin sought "remedies found at law, or upon premise(s) propounded at hearings, or trial."[14] Attached to the

---

[6] *See* Dkt. 7-1 (Amended Complaint).

[7] *See* Amended Complaint; Dkt. 7 (Cover Letter); Dkt. 7-2 (Letter to Utah State District Court noting the original state complaint "has been refiled in United States District Court.").

[8] *See* Amended Complaint.

[9] *Id.* at 3.

[10] Dkt. 8.

[11] Dkt. 8. This section of the Code directs courts to dismiss *in forma paupers* proceedings that are "frivolous" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

[12] Dkt. 20 [SEALED].

[13] *Id.*

[14] *Id.*

Proposed Complaint was a partial copy of a Motion for Referral to Alternate Dispute Resolution.[15]

On September 2, 2022, Judge Pead issued a Report and Recommendation (the Report) and recommended dismissal.[16] Judge Pead evaluated Martin's pleadings under the liberal pleading standard afforded pro se litigants and concluded the Proposed Second Amended Complaint failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).[17] Judge Pead noted the Proposed Second Amended Complaint had very little background or narrative explaining how Defendants had harmed Martin.[18] Additionally, Judge Pead found the "unsubstantiated and unsupported claims against the President of the United States" were frivolous, warranting dismissal under 28 U.S.C. § 1915.[19]

Given the liberal pleading standard and "Proposed" title of the Second Amended Complaint, Judge Pead also evaluated the Amended Complaint.[20] However, even considering the Amended Complaint, Judge Pead found Martin had failed to state a plausible claim for relief.[21] Judge Pead noted the Amended Complaint failed to identify the claim raised under the Fair Labor Standards Act and observed that the doctrine of abstention likely would bar the

---

[15] *Id.*

[16] Dkt. 22 (Report and Recommendation).

[17] *Id.* at 3–4.

[18] *Id.* at 3 (citing Dkt. 20).

[19] *Id.* at 4.

[20] *Id.* at 5.

[21] *Id.* at 5.

lawsuit due to concurrent state proceedings.[22] Accordingly, Judge Pead concluded the matter should be dismissed.[23]

In his Report recommending dismissal, Judge Pead notified Martin of his right to file objections "[w]ithin fourteen days after being served with a copy" of the Report and warned him that a "[f]ailure to object may constitute waiver of objections upon subsequent review."[24]

On September 15, 2022, a Notice of Objection (Objection) listing the above-captioned case number was docketed.[25] The Objection stated "Plaintiff objects" to the Report and indicated "Plaintiff together with others agree to the law that protects plaintiff from the nonpayment of wages earned and the calculations for the amount determined."[26] The Objection was received via an email from "Don Trump," included no caption, and was unsigned.[27] The Objection simply ended with: "Signed to the court (        )."[28]

A number of other documents were lodged in the case around the same time. They include:

1. A Motion for Partial Summary Judgment filed September 14, 2022, with this case number, and listing "Names Withheld" as Plaintiff and "Confidential or Private Information" as Defendant.[29] The Motion moves for summary judgment on "Count 1" under the "Fair Labor Law U.S."[30]

---

[22] *Id.* at 5; *see also Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of State of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (explaining the doctrine of abstention as preventing federal courts from interfering with state court proceedings "when a state forum provides an adequate avenue for relief) (quotations and citation omitted).

[23] Report and Recommendation at 5.

[24] *Id.* at 5.

[25] Dkt. 26 (Notice of Objection).

[26] *Id.*

[27] Dkt. 26, notes.

[28] Dkt. 26.

[29] Dkt. 24 at 1.

[30] *Id.*

4

2. A new Complaint lodged September 14, 2022, with the above-captioned case number, listing Michael C. Martin as Plaintiff and State of Utah, et al. as Defendants.[31] However, the body of this Complaint lists Michael C. Martin as both Plaintiff and Defendant.[32] The Complaint alleges state and local officials violated civil rights because "Plaintiff's Right to a Partial Summary Judgement [sic] has been delay[.] [T]he court has a duty to rule on undisputed claims of the parties by referring the matter to AJR when requested of the court by a party in the case."[33] It also alleges federal officials violated Plaintiff's "Right to a speedy resolution of claims."[34]

3. An Answer to the Complaint lodged September 14, 2022, with this case number, and listing "Martin" as Plaintiff and "(Confidential Defendant)" as Defendant.[35] Martin is later listed as the party filing the Answer.[36] The Answer indicates "Defendant admits to the jurisdiction of the Court" and waives process of service for Defendant.[37] The Answer acknowledges plaintiff's claim is for "$638.00 (Affirmed as owed and unpaid)" and states "Defendant agrees that other claims may be sent to ADR resolution."[38] Finally, the Answer states "Facts and Allegations 1-12 are not disputed and admitted in full" and that "Parties Agree to Partical [sic] Summary Judgment as prayed for by Plaintiff."[39] It also asserts cross-claims, "Other Defendant[s] have failed to act on the requirements of individual Duties at Law," and says "retention of jurisdiction may be needed if [the cross claim is] not resolved through ADR."[40] Michael Martin signs the Answer as "Defendant."[41]

4. A second Complaint lodged September 19, 2022, with the above-captioned case number and listing "Confidential" as both Plaintiff and Defendant.[42] The action is brought under the Fair Labor Standards Act and relevant state law.[43]

5. A second Answer also lodged September 19, 2022, with the above-captioned case number and listing "Confidential" as both Plaintiff and Defendant.[44] There are no

---

[31] Dkt. 23 at 1.

[32] *Id.* at 3.

[33] *Id.* at 5.

[34] *Id.* at 7.

[35] Dkt. 25-1 at 1.

[36] *Id.*

[37] *Id.* at 3.

[38] *Id.* at 5.

[39] *Id.* at 7, 9.

[40] *Id.* at 9.

[41] *Id.* at 11.

[42] Dkt. 27 at 1.

[43] *Id.* at 3.

[44] Dkt. 27-1 at 1.

defenses identified.[45]  This Answer asserts counterclaims/cross-claims against "Confidential 2, 3, 4, 5 . . ." and for the allegations says "See Confidential Facts and Therories at Law."[46]  The second Answer is unsigned and instead concludes, "Signed to the Court" by "(        )*."[47]

The court now turns to the filings and arguments.

## LEGAL STANDARDS

Plaintiff is proceeding pro se.  While the court "liberally construe[s] pro se pleadings, . . . pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[48]

The applicable standard of review in considering objections to a magistrate judge's report and recommendation depends on whether a party lodges both a timely and specific objection to it.[49]  De novo review only applies when a party files an objection within fourteen days that is "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[50]  In those instances, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[51]

Under the Tenth Circuit's "firm waiver" rule, where there is no timely and specific objection, appellate review of both factual and legal questions has been waived.[52]  A party must

---

[45] *Id.* at 2–5.

[46] *Id.* at 6.

[47] *Id.* at 6.

[48] *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[49] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[50] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); Fed. R. Civ. P. 72(b)(2).

[51] Fed. R. Civ. P. 72(b)(3) (emphasis added); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." (citations omitted)).

[52] *One Parcel of Real Prop.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

make both timely and specific objections to a magistrate judge's report "to preserve an issue for de novo review by the district court or for appellate review."[53] A court may choose not to apply the firm waiver rule "when the interests of justice so dictate."[54] Even still, this court generally reviews unobjected-to portions of a report and recommendation for clear error.[55]

## ANALYSIS

The court must first determine whether the Objection is timely and specific enough to trigger de novo review of any section of the Report before turning to the merits. The court will then address the additional documents lodged in the case.

### I. The Objection Does Not Qualify for De Novo Review

A Notice of Objection was received on September 15, 2022.[56] Although the Objection was filed within fourteen days, as required by Federal Rule of Civil Procedure 72, it is unsigned, includes no caption, and was not personally mailed or delivered by Martin.[57] Instead, the Objection was tendered through an email from "Don Trump."[58] The Notice fails to comply with the Federal Rules of Civil Procedure.[59]

---

[53] *Id.* at 1060.

[54] *Moore*, 950 F.2d at 659 (citations omitted) (joining other courts to conclude the firm waiver rule need not apply to pro se litigants who were not advised of the consequences of any failure to object).

[55] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error." (citations omitted)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Court for N. Dist. Of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

[56] Dkt. 26.

[57] *Id.* It is unnecessary, for purposes of this decision, to determine whether the Objection was actually filed by Martin.

[58] *Id.* at Docket Text.

[59] Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and . . . name . . . the parties . . . ."); Fed. R. Civ. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); Fed. R. Civ. P. 11(a) ("Every pleading, written motion and other paper must be signed by at least one attorney . . . or by a party personally if the party is unrepresented.").

Noncompliance with procedural rules has consequences. "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."[60] However, curing a defective filing by later signing the document can cause the filing to become untimely.[61]

Here, it is unnecessary to correct the procedural deficiencies or evaluate the timeliness of the Objection because on the merits it fails to be sufficiently specific for de novo review. The Objection simply states, "Plaintiff objects to recommendation of the court" and "Plaintiff and others agree to the law that protects plaintiff from the nonpayment of wages."[62] These conclusory statements are too broad to qualify as proper objections as they raise only a general objection to the entire Report and make vague assertions without providing a legal basis for relief.[63] And because Martin was advised of the consequences of any failure to object, the firm waiver rule applies.

## II.     The Report and Recommendation is Adopted

Moreover, after reviewing the filings and relevant legal authorities, the court concludes Judge Pead did not clearly err. The court therefore ADOPTS the Report in its entirety. All Martin's claims are DISMISSED.

## III.    Additional Filings

The court has undertaken a review of the recent filings, which list various parties and request the court undertake numerous acts. All are procedurally defective and lack legal analysis. Notwithstanding the procedural defects, the filings have no bearing on the case:

---

[60] Fed. R. Civ. P. 11(a).

[61] *See Gonzaels v. Wyatt*, 157 F.3d 1016, 1020–22 (5th Cir. 1998) (holding a later-signed complaint by a pro se litigant did not relate back to a timely signed complaint and dismissing complaint as barred by limitations).

[62] Dkt. 26.

[63] *See One Parcel of Real Prop.*, 73 F.3d at 1060.

1. The court denies as moot the Motion for Partial Summary Judgment.[64] Notwithstanding procedural deficiencies, inasmuch as the Motion seeks relief on the claims in this case, those are dismissed by the court's decision to adopt the Report.

2. Two documents purporting to be Complaints were lodged on September 14 and September 19, 2022.[65] They list different parties and causes of action from those asserted in the instant case. Should Martin desire to file these Complaints, he may do so by complying with the Federal Rules of Civil Procedure and filing the Complaints in a new case along with the requisite filing fee.

3. Finally, two Answers were filed in the case on September 25 and September 27, 2022.[66] The Answers suffer from a number of deficiencies, starting with listing different parties than those present in this case (or lacking party names altogether). As such, the Answers are construed as unrelated to the instant case and therefore require no action by the court.

## CONCLUSION

For the reasons stated above, the Report and Recommendation[67] is ADOPTED in its entirety, and Martin's Second Amended Complaint[68] is DISMISSED.

SO ORDERED this 20th day of March, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[64] Dkt. 24.

[65] Dkts. 23, 27.

[66] Dkts. 25, 27.

[67] Dkt. 22.

[68] Dkt. 20.